# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| YALEET INC., STEVEN LAX, and AYELET LAX LEVY,<br><br>    Plaintiffs,<br><br>    v.<br><br>MOSHE MARIE,<br><br>    Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs Yaleet Inc. ("Yaleet"), Steven Lax ("Lax"), and Ayelet Lax Levy ("Lax Levy") (collectively, "Plaintiffs"), by and through the undersigned counsel and for their Complaint against Defendant Moshe Marie ("Defendant"), hereby state as follows:

## NATURE OF THE CLAIM

1. Plaintiffs bring this action for defamation against Defendant as a result of Defendant's knowingly false and materially misleading statements made to various third parties regarding Plaintiffs that have injured each of Plaintiffs' reputation and professional standing in the footwear business.

2. Because Defendant's statements, described in greater detail below, have injured each of the Plaintiffs in its, his, and her profession and business,

Defendant's statements constitute defamation *per se* and are actionable without need for specific proof of actual damages.  In any event, however, Defendant's defamatory and derogatory statements have directly and proximately caused damage to Plaintiffs in an amount not less than $20 million.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiffs are diverse in citizenship from Defendant.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Georgia because a substantial part of the acts giving rise to the claim asserted herein occurred in this District.

5. This Court may exercise personal jurisdiction over Defendant because he transacted business within this District, and this action arises, at least in part, out of acts undertaken by Defendant while present in Georgia.

## THE PARTIES

6. Yaleet is a corporation organized under the laws of the State of New York, with its principal place of business in New York, and therefore is domiciled in New York for purposes of diversity jurisdiction.

7. Lax is an individual domiciled in New York, New York, and is a citizen of New York for purposes of diversity jurisdiction.

8. Lax Levy is an individual domiciled in Old Westbury, New York, and is a citizen of New York for purposes of diversity jurisdiction.

9. Upon information and belief, Defendant is an individual who resides permanently in Hod-Hasharon, Israel and is domiciled in Israel. Therefore, he is a citizen of Israel for purposes of diversity jurisdiction. Upon information and belief, Defendant may be served at his residence at 8 Ezer Weizman Street, Apartment 31, Hod-Hasharon, Israel 4502556.

## FACTUAL ALLEGATIONS

### Plaintiffs' Successful Business

10. Yaleet is a family-owned business serving as the exclusive U.S. distributor of the Israeli comfort footwear brand NAOT®. Over the years, Yaleet grew into a successful global enterprise that ultimately acquired ownership of the NAOT® brand in 2014.

11. Lax founded Yaleet with his wife in Melville, New York. He named the company Yaleet as an homage to his daughters, including Ayelet (Plaintiff Lax Levy).

12. Lax Levy worked her way up to take on an executive role in her namesake company, becoming the President of U.S. operations in 2019.

13. Yaleet is known not only for its high-quality and fashionable footwear products, but also for its focus on social responsibility and philanthropy. Lax and Lax Levy have worked hard over many years to promote Yaleet's comfortable, stylish, and durable footwear among consumers while also supporting communities through donation of approximately 15,000 pairs of shoes annually to charities, shelters, and victims of disaster.

14. As a result of Lax and Lax Levy's effective leadership, Yaleet has grown from operating in a small condo to a 50,000 square foot facility that produces up to one million pairs of shoes annually. Yaleet has a large market in Israel but exports a large portion of its inventory to the U.S., Canada, Australia, Germany, the UK, and Japan.

15. Under the stewardship of Lax and Lax Levy, Yaleet and its NAOT® brand have become beloved symbols of comfort, quality, and integrity among peers in the footwear industry as well as everyday consumers across the U.S., including in Georgia.

### **Defendant and His Unlawful Actions Damage Plaintiffs**

16. Yaleet is affiliated with various other corporate entities in other jurisdictions, including Israeli affiliate Naama Naot Holdings Ltd. ("Naama Naot").

17. Through an independent contractor agreement, Defendant served as the Chief Executive Officer of Naama Naot until July 2025, at which time Defendant elected to cease providing such services and voluntarily terminated that arrangement.

18. During his tenure, Defendant often initiated conflicts with Lax and Lax Levy. He openly complained, including by making false statements about Plaintiffs to third parties, regarding his views of how the corporate enterprise should be managed.

19. Throughout his tenure and thereafter, as recently as October 2025, Defendant has knowingly made false and derogatory statements about each of the Plaintiffs to various third parties.

20. As examples, Defendant has falsely informed third parties that:

- Lax and Lax Levy breached their fiduciary duties of care and loyalty through self-dealing and interested transactions;

- Lax and Lax Levy diverted corporate profits for their own personal gain;

- Yaleet had been improperly utilized to funnel money from other entities in the corporate structure to Lax and Lax Levy;

- Lax and Lax Levy engaged in tax fraud and made fraudulent representations to taxing and other authorities;

- Lax and Lax Levy directed improper intercompany transfers and transactions;

- Lax and Lax Levy engaged in illegal activity; and

5

- Lax Levy lacked the necessary and appropriate skills to manage corporate operations.

21. All of the above statements are objectively false.

22. During a business trip to Atlanta commencing on February 12, 2025, Defendant made materially false statements about each of Plaintiffs to at least two employees, including false and defamatory statements like those outlined in the preceding paragraph.

23. Additionally, while at a trade show in Atlanta during the same business trip, Defendant made materially false statements about each of the Plaintiffs to a third-party customer. These statements included false assertions that Plaintiffs and Yaleet's management team lacked the competence and professional knowledge required to operate their business and also that Yaleet's product quality had declined and would continue to decline due to the inabilities of Yaleet's team in the United States.

24. Upon information and belief, these statements led such customer to reduce its business relationship with Yaleet substantially.

25. Upon information and belief, Defendant knew, or should have known, that his statements were false at the time he made such statements.

26. In each of his statements, Defendant clearly and individually identified Yaleet, Lax, and Lax Levy, respectively.

27. Defendant communicated such statements to at least one third party other than Plaintiffs.

28. Each of Defendant's statements have injured Plaintiffs individually and collectively in their business and profession, including by calling into question each and all of their professionalism, ethics, honesty, credibility, and morals and accusing them of engaging in illegal activities.

29. Collectively, Plaintiffs have suffered damages of at least $20 million in lost business and reputational harm as a direct and proximate result of Defendant's false statements.

30. Plaintiffs attempted to resolve their dispute with Defendant amicably prior to bringing this action. Plaintiffs wrote to Defendant in December 2025 to request that Defendant cease and desist from all further defamatory statements regarding Plaintiffs and their business.

31. Unfortunately, Defendant has not cooperated with Plaintiffs, necessitating judicial intervention.

## COUNT ONE
### Defamation Under Georgia Law

32. Plaintiffs incorporate and reallege the allegations contained in the preceding paragraphs 1 through 31 as if fully set forth herein.

33. Defendant made numerous intentional, objectively false and defamatory statements regarding Yaleet, Levy, and Lax Levy, as described above.

34. Defendant acted with actual malice when knowingly making false statements regarding Yaleet, Levy, and Lax Levy.

35. Defendant made his false statements to third parties, including Plaintiffs' customers.

36. Defendant's statements are not subject to an absolute or qualified privilege.

37. Defendant acted with actual malice and specific intent to harm Plaintiffs, both individually and collectively, when knowingly making false statements regarding Plaintiffs and the manner in which each of them conducts business.

38. Defendant's statements impugn the business of Yaleet, Levy, and Lax Levy, individually and collectively. As such, Defendant's statements constitute defamation *per se* pursuant to O.C.G.A. § 51-5-4 and are actionable without the need for Plaintiffs to prove actual damages to each of their reputations.

39. As a direct and proximate result of Defendant's false and defamatory statements, the reputations of each of Yaleet, Lax, and Lax Levy have been harmed and will continue to be harmed in an amount ultimately to be determined at trial, but presently estimated to be not less than $20 million.

40. Defendant's actual malice supports an award of punitive damages against Defendant pursuant to O.C.G.A. § 15-12-5.1.

41. Defendant's failure to cooperate with Plaintiffs to resolve this dispute, requiring Plaintiffs to expend time and financial resources to bring this action, created unnecessary trouble and expense for Plaintiffs and thus support an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11.

42. Accordingly, Plaintiffs are entitled to judgment in their favor and against Defendant and likewise are entitled to the relief requested in greater detail below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

1. An order permanently enjoining Defendant from making further false and defamatory statements about Yaleet, Levy, and/or Lax Levy, whether individually or collectively;

2. Compensatory relief in an amount to be proven at trial, but, in any event, not less than $20 million;

3. Punitive damages against Defendant to punish, penalize, and deter Defendant from engaging in similar conduct in the future pursuant to O.C.G.A. § 15-12-5.1;

4. Recovery of reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 due to the unnecessary trouble and expense to which Defendant put Plaintiffs by virtue of his failure to cease his tortious behavior; and

5.  Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs Yaleet Inc., Steven Lax, and Ayelet Lax Levy assert their rights and demand a trial by jury on all issues so triable.

Respectfully submitted this 9th day of February, 2026.

SEYFARTH SHAW LLP

By: */s/ Lauren Gregory Leipold*
Lauren Gregory Leipold
lleipold@seyfarth.com
Georgia Bar No. 729061
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500

M. Ryan Pinkston (applying for admission *pro hac vice*)
rpinkston@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823

*Counsel for Plaintiffs Yaleet Inc., Steven Lax, and Ayelet Lax Levy*